IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHANCE GASERY | § | |
| | § | |
| VS. | § | |
| | § | C.A. NO. _____ |
| YELLOW FIN MARINE SERVICES, LLC | § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Chance Gasery ("Gasery"), complaining of Yellow Fin Marine Services, LLC ("Defendant"), and, for cause of action, would respectfully show unto this Honorable Court the following:

### I. PARTIES

1.1   Plaintiff Chance Gasery, is a U.S. citizen and resident of the state of Louisiana.

1.2   Defendant Yellow Fin Marine Services, LLC, is a foreign limited liability company with its principal place of business outside of the State of Texas, but doing business within the State of Texas for the purpose of accumulating monetary profit. It can be served by service on the Secretary of State of Texas at 1019 Brazos Street, Austin, Texas 78701, as Defendant's agent for service, because Defendant does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in Texas. Pursuant to Tex. Civ. Prac. & Rem. Code § 17.045, the Secretary of State is requested to forward a copy of this Petition, along with Citation, by

forwarding same by registered mail, return receipt requested, to Defendant Yellow Fin Marine Services, LLC, at its home office 2043 Coteau Road, Houma, LA 70364.

## II. JURISDICTION

2.1    The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims & Certain Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

2.2    This Court has jurisdiction over the Defendant based on its intentional, continuous and substantial contacts with Texas, and the presence in this District of property owned by and owed to Defendant.

## III. VENUE

3.1    Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS AND NEGLIGENCE OF DEFENDANT

4.1    At all material times hereto, Defendant owned, operated and/or crewed a vessel operating in navigable waters of the Gulf of Mexico.

4.2    At all material times hereto, Plaintiff was employed by Defendant as a deckhand working on the vessel.

4.3     On December 8, 2018, while Plaintiff was performing his duties in the service of the supply boat, he was injured.  At the time of his injuries he was in the engine room. During his work, he slipped on oil that leaked from the engine onto the deck of the engine room. The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendant, and unseaworthiness of the vessel, in the following particulars, among others:

(a)     failing to provide proper and adequate equipment to perform the job;

(b)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(c)     failing to take reasonable precautions for Plaintiff's safety;

(d)     failing to provide Plaintiff with a reasonably safe place to work; and

(e)     other acts of negligence and/or omissions to be shown at trial herein.

## V.  COUNT 1 - JONES ACT

5.1     Plaintiff's injuries were sustained in the course of his employment and were caused by the negligence and/or gross negligence of Defendant, its officers, agents, or employees, as described herein.

## VI. COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Defendant's breach of duty to furnish a seaworthy vessel.

## VII.  RULE B ALLEGATIONS

7.1  Plaintiff is informed and believes that none of the officers of Defendant is now within the Southern District of Texas, that Defendant does not maintain an office within this District, that Defendant is not incorporated or formed in, or registered to do business in, the State of Texas, that Defendant does not have an agent for service of process in Texas, and that Defendant cannot be found within this District for purposes of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims & Asset Forfeiture of the Federal Rules of Civil Procedure.

7.2  Plaintiff is informed and believes that Defendant does now, or will during the pendency of this action, have, certain goods and chattels, or credits and effects within the Southern District of Texas.

## VIII.  DAMAGES

8.1  As a direct and proximate result of all Defendant's negligence and/or gross negligence, Plaintiff suffered injuries to his body, and the following resultant damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

8.2  Plaintiff is seeking monetary relief up to $3,000,000.

## IX.  JURY DEMAND

9.1   Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays:

a.   That process in due form of law according to the practice of this Honorable Court issue against Defendant summoning it to appear and answer, all and singular, the matters aforesaid;

b.   That process of maritime attachment and garnishment issue to attach and seize Defendant's tangible or intangible personal property, goods, chattels, credits and effects, including, but not limited to property held by others owed to Defendant – up to the amount sued for – in the hands of garnishees named in the process;

c.   That as soon as practicable following the attachment and/or seizure of the things identified herein, a further hearing be held by this Court pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

d.   That a judgment may be entered in favor of Plaintiff against Defendant for the amount of his claim up to $3,000,000, and that a decree of condemnation issue against the property of Defendant; and

e.   That Plaintiff may have such other and further relief as plead herein, and which this Court and justice may deem just and appropriate under the circumstances of the cause, and all other and further relief to which he may be entitled, in law or in equity.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine
SBN 24060485 / SDTX 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656

**OF COUNSEL**:

SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656

**ATTORNEYS FOR PLAINTIFF**